# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SHAW & ASSOCIATES, INC., a New Mexico
corporation; and JERRY SHAW & ASSOCIATES,
INC., an Arizona corporation,

      Plaintiffs,

v.                                        Civil No. 04-123 WJ/DJS

AMERICAN CONTRACTORS INDEMNITY
COMPANY, a California corporation; ANDY
FAUST; and DOES 1 through 50, inclusive,

      Defendants.

## MEMORANDUM OPINION AND ORDER ON
## DEFENDANT FAUST'S MOTION TO DISMISS

      THIS MATTER comes before the Court pursuant to Defendant Andy Faust's Motion to Dismiss [Docket No. 10]. Having reviewed the submissions of the parties, and being fully advised on the applicable law, I find the motion is well taken and will be granted.

**BACKGROUND**

      Plaintiffs' (Shaw) Complaint is brought against Defendants for Breach of Contract, Accounting and Dissolution, Breach of Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Conversion, Interference with Existing Contractual Relationships, Declaratory

Relief and Violation of State Insurance Codes.[1]  The only claims alleged against Defendant Faust are the Sixth Cause of Action and the Seventh Cause of Action.

The general facts alleged in Shaw's Complaint are set forth fully in the Court's Memorandum Opinion and Order filed July 19, 2004 [Docket No. 34].  The Court will not repeat all of those facts here.  Only the facts particularly relevant to Faust's Motion to Dismiss will be laid out.

Shaw's Complaint alleges that Faust is a resident of the State of Florida, and was a resident of the State of California at the time of the events alleged in the Complaint.  Shaw states that Faust was, at all relevant times, the President of Defendant ACIC, was authorized to act in the manner alleged in the Complaint, was acting as an agent for ACIC, and was purposefully and regularly transacting business in New Mexico in the performance of his duties for ACIC.  The Complaint also alleges that the Defendants named as Does 1 through 50 are unknown, that their true names and capacities are unknown, but that they are each liable to Shaw.

The sixth cause of action in Shaw's Complaint is brought against Defendant Faust, ACIC and Does 1 through 50 for interference with existing contractual relationships.  In this count, Shaw alleges that it had for many years developed relationships with the various customers reflected in its book of business and these relationships generated substantial premium income to Shaw.  According to Shaw, Faust, ACIC and Does 1 through 50 were well aware of Shaw's

---

[1]The Title of the Complaint states that the Complaint is also brought for interference with prospective economic advantage.  No such claim is designated within the body of the Complaint.  Both the Sixth Cause of Action and Seventh Cause of Action are designated as claims for Interference with Existing Contractual Relationships.  Defendant Faust assumes that the Seventh Cause of Action is actually a claim for interference with prospective economic advantage rather than a claim for interference with existing contractual relationships.

contractual relationships with these customers given that Shaw was placing substantially all its bond business with ACIC as part of the agreements between ACIC and Shaw.  According to Shaw, Faust and the other Defendants were also aware that Shaw's contractual relationships with its customers were valuable because Shaw had generated more than eleven million dollars ($11,000,000.00) in gross premium income to ACIC pursuant to the agreements between Shaw and ACIC.  Shaw alleges that Faust, ACIC, and Does 1 through 50 engaged in a scheme and conspiracy to destroy Shaw's book of business and divert Shaw's customer base to ACIC by intentionally disrupting the business relationship between Shaw and its customers.  The specific alleged conduct by Faust and the other Defendants of which Shaw complains includes wrongfully informing Shaw that it no longer had authority to underwrite bonds in the manner and at the levels previously agreed and practiced between Shaw and ACIC, arbitrarily and capriciously insisting on different definitional criteria for underwriting bonds proposed by Shaw, misrepresenting the underwriting requirements of ACIC's reinsurers and using such as pretexts to wrongfully reject bond submissions by Shaw, wrongfully issuing cancellation notices to Shaw's customers, delaying response to time sensitive bond applications, and falsely claiming that documents provided by Shaw had never been received and using this as a reason to delay or deny approval of Shaw's bond applications.  Because of this interference, Shaw claims that its customers were required to terminate their business with Shaw and that Shaw has thus been required to cease its operations in New Mexico and Arizona and substantially diminish its operations in California resulting in more than five million dollars ($5,000,000.00) in damages.

    Shaw's seventh cause of action is brought against Defendant Faust and Does 1 through 50 for interference with existing contractual relationships.  Faust assumes that Shaw intended this as

a claim for interference with prospective economic advantage.  As necessary in addressing this motion, the Court will construe the claim to Shaw's advantage as either a claim for interference with prospective economic advantage or interference with existing contractual relationships.  In this count, Shaw alleges that Faust, as president of ACIC, knew of the existence of the agreement between ACIC and Shaw and knew that Shaw was ACIC's exclusive agent with respect to producing contract surety bonds in Arizona and New Mexico.  Shaw states that, notwithstanding this knowledge, Faust and Does 1 through 50 conspired in a scheme directed against Shaw to interfere with the contractual relationship between Shaw and ACIC and interfere with Shaw's ability to place bonds for its customers.  Shaw also asserts that Faust and Does 1 through 50 interfered with Shaw's ability to generate business by revoking Shaw's ability to issue contract surety bonds without the express prior approval of ACIC.  According to Shaw, Faust and the Doe Defendants interfered with Shaw's existing and future business by sending cancellation notices to Shaw's customers regarding existing surety bonds.  Shaw alleges that this conduct damaged its future prospective commercial advantage in maintaining and developing its book of business.

On March 15, 2004, Defendant Faust filed his Motion to Dismiss.  Faust brings his motion pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue and 12(b)(6) for failure to state a claim.  After briefing was initially complete on the motion, Shaw filed a motion to file a surreply.  Faust did not object and the motion was granted.  Shaw filed its surreply on June 15, 2004.  Briefing is thus complete on Faust's Motion to Dismiss.

**LEGAL STANDARD**

A plaintiff bears the burden of establishing that the exercise of personal jurisdiction over a defendant is proper, but, in the preliminary stages of litigation, this burden is light and a plaintiff

need only make a prima facie showing of jurisdiction. Benton v. Cameco Corp., -- F.3d --, 2004 WL 1638195 *2 (10th Cir. July 23, 2004); Doe v. Nat'l Med. Serv., 974 F.2d 143, 145 (10th Cir. 1992). In determining the facts necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by a defendant's affidavits. Ten Mile Indus. Park v. Western Plains Serv. Corp., 810 F.2d 1518, 1524 (10th Cir. 1987). To the extent the parties present conflicting affidavits, all factual disputes are resolved in Plaintiff's favor. Id.

To obtain personal jurisdiction in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and the exercise of jurisdiction is consistent with due process limitations. Benton, 2004 WL 1638195 *3; Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455 (10th Cir. 1996). New Mexico has interpreted its long-arm jurisdiction as being coextensive with the requirements of due process. F.D.I.C. v. Hiatt, 872 P.2d 879, 881 (1994). Therefore, the state law and constitutional analyses collapse into a single inquiry regarding the constitutional limitations on the exercise of personal jurisdiction over a defendant. Benton, 2004 WL 1638195 *3; Purple Onion Foods, Inc. v. Blue Moose of Boulder, Inc., 45 F.Supp.2d 1255, 1257 (D.N.M. 1999). A plaintiff's burden is thus to make a showing that a defendant has had sufficient minimum contacts with a state to satisfy due process standards. Benton, 2004 WL 1638195 *3 (citing OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086 (10th Cir. 1998)); Dobbs v. Chevron, U.S.A., Inc., 39 F.3d 1064, 1068 (10th Cir. 1994) (citing McGee v. Int'l Life Ins. Co., 355 U.S. 220, 222 (1957)).

Under due process principles, personal jurisdiction may be either general or specific. Benton, 2004 WL 1638195 *3; United States v. Botefuhr, 309 F.3d 1263, 1271; Dobbs, 39 F.3d

at 1068 (citing Helicopteros v. Hall, 466 U.S. 408 n. 9 (1984)).  A court may exercise specific jurisdiction over a defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."  Benton, 2004 WL 1638195 *3 (quoting OMI Holdings, Inc., 149 F.3d at 1090-91); Botefuhr, 309 F.3d at 1271.  Even when a claim does not directly arise from a defendant's forum-related activities, a court may exercise general personal jurisdiction over the defendant based on the defendant's general contacts with the forum state when those contacts are continuous and systematic.  Benton, 2004 WL 1638195 *3, *9; Botefuhr, 309 F.3d at 1271-72.  Under either theory of personal jurisdiction, the defendant's contacts must be such that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice."  Botefuhr, 309 F.3d at 1272.

**DISCUSSION**

Defendant Faust argues that all of the alleged conduct attributed to him in the Complaint was performed by him within the course and scope of his employment at ACIC.  He then provides a declaration that he has had no personal or individual dealings with Shaw at any time, has never conducted any personal business in New Mexico and has never had a personal presence in New Mexico.  Faust asserts that his only contact with New Mexico was on behalf of ACIC in the course and scope of his employment.  Faust argues that his contacts with New Mexico on behalf of ACIC cannot be attributed to him personally, and that only his personal contacts with the State of New Mexico, which are negligible or non-existent, can be considered in determining the issue of personal jurisdiction.  While Faust failed to provide citation to legal authority in support of his

argument, his assertion is based on sound legal precedent. Faust's contention is more readily recognized as a request for the application of the fiduciary shield doctrine.

Under the fiduciary shield doctrine, a corporation's contacts generally cannot be attributed to the officers, directors or employees of the corporation when the individuals' acts were carried out solely in their corporate or representative capacities. Ten Mile Indus. Park, 810 F.2d at 1527. Jurisdiction over representatives of a corporation cannot be based on jurisdiction over the corporation itself. Id. If the fiduciary shield doctrine applies, jurisdiction over an officer, director or employee of a corporation must be based on that individual's personal contacts with the forum state. Allen v. Toshiba Corp., 599 F.Supp. 381, 384 (D.N.M. 1984) (Campos, J.).

There are exceptions to the fiduciary shield doctrine. First, if the corporation is not a viable one and the individuals are conducting personal activities using the corporate form as a shield or instrumentality, the court may pierce the corporate veil and permit assertion of personal jurisdiction over the individuals. See Home-Stake Prod. Co. v. Talon Petroleum, C.A., 907 F.2d 1012, 1017 (10th Cir. 1990) (citing Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 903 (2d Cir. 1981)); Ten Mile Indus. Park, 810 F.2d at 1527. This exception essentially imports into the jurisdictional analysis the alter ego doctrine. See id.; Origins Natural Resources, Inc. v. Kotler, 133 F.Supp.2d 1232, 1234 (D.N.M. 2001) (Black, J.). Another exception to the fiduciary shield doctrine occurs when the officer, director or employee is acting in his own interests rather than the interests of the company. See Lewis v. Fresne, 252 F.3d 352, 359 n. 6 (5th Cir. 2001); see also Rice v. Biomedical Corp., 38 F.3d 909, 912 (7th Cir. 1995) (Posner, J.) (decided under Illinois state law).

Plaintiff's Complaint clearly alleges that all of Faust's actions with regard to Shaw were taken in the course and scope of Faust's position as president of ACIC. The Complaint contains no allegations that would give rise to an inference that one of the above exceptions to the fiduciary shield doctrine applies in this case. Plaintiff's response and surreply to Defendant's motion contain no argument or evidence contradicting the allegations and evidence that all of Faust's acts relevant to the Complaint were performed in the course and scope of Faust's capacity as president of ACIC. Therefore, even accepting as true the allegations set forth in the Complaint and drawing all inferences in favor of Shaw, the fiduciary shield doctrine precludes this Court from exercising *in personam* jurisdiction over Defendant Faust based on his contacts with New Mexico on behalf of ACIC.

Plaintiff's response and surreply to Defendant's motion contend that the allegations of a civil conspiracy in the Complaint provide a basis for the exercise of personal jurisdiction over Defendant Faust. Under New Mexico law, a court in New Mexico may exercise personal jurisdiction over an out-of-state co-conspirator so long as one of the conspirators has sufficient minimum contacts with the state for the exercise of personal jurisdiction. See Santa Fe Tech., Inc. v. Argus Networks, Inc., 42 P.3d 1221, 1233 (N.M. App. 2001). Thus, if the Court has personal jurisdiction over one of the alleged conspirators, Defendant argues that the Court may exercise personal jurisdiction over Faust.

Plaintiff's Complaint alleges a civil conspiracy among Faust, ACIC and the fictitiously named Defendants Does 1 through 50. The allegations of Plaintiff's Complaint provide no information on Does 1 through 50 or any contacts they may have with New Mexico. Therefore,

the Court may not exercise personal jurisdiction over Defendant Faust based on the allegations of a civil conspiracy between Faust and Does 1 through 50.

Defendant ACIC has defended against Shaw's claims on the merits without raising the issue of personal jurisdiction.  See Defendant American Contractor Indemnity Company's Motion to Dismiss Complaint [Docket No. 12].  Therefore, this Court has personal jurisdiction over Defendant ACIC.  Fed. R. Civ. P. 12(h).  Accordingly, it would appear that this Court could exercise personal jurisdiction over Defendant Faust based on the allegations in the Complaint of a civil conspiracy between Faust and ACIC.  However, officers, directors and employees of a corporation acting in their official capacities on behalf of the corporation cannot generally conspire with the corporation.  Wegerer v. First Commodity Corp. of Boston, 744 F.2d 719, 724-25 (10th Cir. 1984); Purple Onion Foods, Inc. v. Blue Moose of Boulder, Inc., 45 F.Supp.2d 1255, 1258 (D.N.M. 1999) (Black, J.); Ettenson v. Burke, 17 P.3d 440, 446-47 (N.M. App. 2001)(recognizing the general rule).  There is an exception to the general rule when an officer, director or employee of the corporation acts for his own personal benefit in a way separate and distinct from the corporation.  Wegerer, 744 F.2d at 725; Purple Onion Foods, Inc., 45 F.Supp.2d at 1258; Ettenson, 17 P.3d at 446-47.

There are no allegations in Shaw's Complaint that Faust acted outside the scope of his authority or other than on behalf of the corporation at any time relevant to Shaw's claims.  Nor has Shaw provided any evidence or argument to support an inference that Faust acted other than in the interests of ACIC.  Therefore, even accepting as true all of the allegations in Shaw's Complaint and making all inferences in Shaw's favor, the allegations of a civil conspiracy in Shaw's Complaint do not provide a basis for the exercise of *in personam* jurisdiction over

Defendant Faust.  Therefore,  Defendant Faust is entitled to a dismissal without prejudice of all claims asserted against him.  Having determined that the Court lacks personal jurisdiction over Defendant Faust, the Court need not address his other arguments for dismissal.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Andy Faust's Motion to Dismiss [Docket No. 10] is hereby GRANTED and Plaintiff's claims against Defendant Faust are hereby DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE