# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SHAW & ASSOCIATES, INC., a New Mexico
corporation; and JERRY SHAW & ASSOCIATES,
INC., an Arizona corporation,

    Plaintiffs,

v.                                                                                Civil No. 04-123 WJ/DJS

AMERICAN CONTRACTORS INDEMNITY
COMPANY, a California corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO AMEND

THIS MATTER comes before the Court pursuant to Plaintiffs' Expedited Motion to Amend Complaint [Docket No. 68]. Having reviewed the submissions of the parties and being fully advised on the applicable law, I find the motion is well taken and will be granted.

Plaintiffs filed their initial Complaint in this matter on February 5, 2004. By stipulation, Plaintiffs filed their First Amended Complaint on November 29, 2004. On May 20, 2005, Plaintiffs filed the instant motion to file a second amended complaint adding a claim for punitive damages to Plaintiffs' First Cause of Action for breach of contract and adding a Tenth Cause of Action for prima facie tort. Defendant opposes Plaintiffs' motion arguing first that Plaintiffs' motion is untimely and second that the amendment would be futile with regard to Plaintiffs' proposed claim for prima facie tort.

Requests for leave to amend pleadings should be liberally granted. Fed. R. Civ. P. 15. Leave to amend pleadings may be denied when the amendment is untimely or when the

amendment would be futile.  Bauchman v. West High School, 132 F.3d 542, 559 (10th Cir. 1997).  However, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962).  Moreover, federal law favors the resolution of legal claims on the merits, Walker v. United Parcel Service, Inc., 240 F.3d 1268, 1272 (10th Cir. 2001), and the purpose of the Federal Rules of Civil Procedure is to encourage final dispositions on the merits. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir.1981) ("The policy of the  federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading")).

     Defendant first urges that Plaintiffs' motion to amend should be denied because it is made fifteen months into the case, is based on facts known to the Plaintiffs at the time of the filing of the initial complaint, and will delay discovery efforts and trial preparation.  Plaintiffs note that, at the time they filed the motion to amend, only a single deposition had been taken in the case, and trial was not scheduled to occur for more than nine months.  Additionally, Plaintiffs argue that discovery will not be affected by the amendment because the new claims are based on facts already alleged in the original complaint.

While Plaintiffs' motion to amend comes somewhat late in the game, I conclude that Plaintiffs' proposed amendment will not unduly delay discovery or trial preparation in this case and does not unduly prejudice the Defendant.

Defendant also argues that Plaintiffs' motion to amend should be denied to the extent it seeks to add a claim for prima facie tort because such an amendment would be futile. As Defendant points out, a plaintiff cannot recover on a claim for prima facie tort if the evidence of tortious conduct in a case is susceptible to submission under one of the more traditionally accepted categories of tort. See Schmitz v. Smentowski, 785 P.2d 726, 736 (N.M. 1990). Defendant then argues that, because Plaintiffs have pled causes of action under several traditional theories of tort, Plaintiffs cannot add a cause of action for prima facie tort.

New Mexico law clearly allows a plaintiff to plead prima facie tort in the alternative to traditional categories of tort. Id. It is not until the evidence available in a case shows that there is a fact issue on one of the traditional categories of tort that a Court may dismiss a claim for prima facie tort. Id. The Court thus cannot say as a matter of law that Plaintiffs' amendment to add a claim for prima facie tort is futile. Accordingly, Plaintiffs' motion to amend will be granted.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Expedited Motion to Amend Complaint [Docket No. 68] is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE