**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SHAW AND ASSOCIATES, INC., *et al.*,

    Plaintiffs,

vs.                                        Civ. No. 04-123 WJ/DJS

AMERICAN CONTRACTORS INDEMNITY, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS
TO MAGISTRATE JUDGE'S ORDER**

THIS MATTER comes before the Court upon Plaintiff's Objections to the Magistrate Judge's Order Denying Plaintiffs' Second Motion of Richard Corona to Appear as Counsel *Pro Hac Vice*, filed June 28, 2005 (**Docs. 77 & 89**).[1]  The Court has reviewed the relevant pleadings and the applicable law, and has determined for the reasons below that Plaintiff's objections are not well-taken and are overruled.

The background leading up to the challenged Order is as follows: On March 5, 2004, United States Magistrate Judge Don J. Svet granted a request by Attorney Richard Corona to appear *pro hac vice* for Plaintiff Shaw.  (Doc. 7).  On August 27, 2004, Defendant American Contractors Indemnity Company ("ACIC") filed a Motion to Disqualify Plaintiffs' Counsel.  The basis for the motion was that New Mexico attorney Thomas R. Briones who was at the time representing Plaintiff ("Shaw") as local counsel in this case, had a conflict of interest as the result of his previous representation of ACIC in other matters.  ACIC asserted that Mr. Briones' conflict should be imputed to Corona to disqualify the latter.

---

[1] The same pleadings were filed twice.

On October 7, 2004, Mr. Corona voluntarily moved to withdraw from this case.  Doc. 43. Judge Svet granted Mr. Corona's motion on October 12, 2004.   Doc. 45.  ACIC then withdrew its motion to disqualify Mr. Corona.  Doc. 45.

On April 25, 2005, Plaintiff filed a motion asking the Court to allow Corona to re-enter this case as co-counsel to represent Mr. Shaw along with Mr. Shaw's current attorneys of record. (Doc. 60, "Second Corona Motion").  In that motion, Plaintiff asserted that Corona has a long-standing attorney-client relationship with him, and is very familiar with surety, reinsurance and producer relationships which would be of substantial assistance to Plaintiff in the preparation and presentation of this case.  Mr. Corona stated that Mr. Briones did not share any information with him or any member of his firm regarding prior representation of ACIC with regard to claims made against bonds written by ACIC on behalf of Shaw clients ("Bond Claim Matters") until after the conflict issue was raised in August, 2004.  Mr. Corona also asserted that Mr. Briones has never shared with him any confidential information regarding ACIC that he may have learned in the course of representing ACIC in Bond Claim Matters.  Corona Decl., ¶¶ 5-7 (exhibit to Second Corona Motion).  In addition, Plaintiff stated that he had agreed to the withdrawal of Mr. Corona without having the opportunity to fully investigate the issue.   Second Motion at 2., ¶ 5.

ACIC countered Corona's Second Motion by noting that the conflict issue still existed and that Plaintiff had ample opportunity to fully investigate the merit of the issue.  ACIC further objected to Plaintiff's seeking to have the Court address the conflict question a second time, asserting that Plaintiff had tacitly agreed to the existence of the conflict when they chose not to challenge the first motion, but instead allowed Mr. Briones and Mr. Corona to withdraw, and substituted new counsel.  ACIC noted that the conflict issue had been dealt with once, and that it

was unfair that ACIC should have to "suffer the expense of addressing it again."   ACIC Response

to Second Corona Motion, Doc. 64, at 1.

On June 16, 2005, Judge Svet entered an Order denying the Second Corona motion.  Doc.

73.   The Order noted that Plaintiff characterized the earlier withdrawal Mr. Corona and Mr.

Briones as taken to resolve the conflict of interest allegation without the need for motion practice

and that Plaintiff did not concede the conflict issue.  Nevertheless, the Magistrate Judge denied

Mr. Corona's motion to appear *pro hac vice*, noting that it was "essentially a motion to

reconsider an issue. . . ." Doc. 73 at 2.  The Court also rejected Plaintiff's argument regarding a

lack of opportunity to investigate the matter:

> Plaintiffs state that Corona does not believe that he or Briones had any conflict of interest
> and that they did not have an opportunity to investigate the matter. The Court notes that
> Plaintiff sought and obtained additional time to respond to the motion to disqualify in
> order to obtain new counsel. Order filed September 14, 2004 (Docket No. 40). An
> extension could have as easily been obtained to investigate the allegations.

Doc. 73 at 2.

In challenging the Magistrate Judge's ruling, Plaintiff argues that the conflict issue was

never actually ruled on the merits by the Court, and thus his request was not a motion to

reconsider.  Plaintiff maintains that his request to choose counsel of his choice should be

considered as a request the Court is considering for the first time.

Under Rule 72(a) of the Federal Rules of Civil Procedure the Court "shall consider

[objections made by the parties] . . . and shall modify or set aside any portion of the magistrate's

order found to be clearly erroneous or contrary to law."  Fed.R.Civ.Pro. 72(a); see also 28 U.S.C.

§ 636 (b)(1)(A).  "The clearly erroneous standard is intended to give the magistrate a free hand in

managing discovery issues."  R. Marcus & E. Sherman, Complex Litigation at 643 (1985).  The

Seventh Circuit has stated that a decision, to be found erroneous, "must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."  Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988).

The Magistrate Judge's ruling on the Second Corona Motion passes this threshold.  Judge Svet declined to "reconsider" the issue in light of several factors: Plaintiffs had initially conceded the issue instead of waiting for a ruling; ten months of discovery had passed before Plaintiff filed the Second Corona Motion; and because there was no indication that current counsel were not able to represent Plaintiff effectively.  Based on these considerations, I find no reason to modify the Magistrate Judge's ruling on the Second Corona Motion.  Plaintiff's objections are overruled.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Objections to the Magistrate Judge's Order Denying Plaintiffs' Second Motion of Richard Corona to Appear as Counsel *Pro Hac Vice* (**Docs. 77 & 89**) are hereby OVERRULED.

_____

UNITED STATES DISTRICT JUDGE