IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAW AND ASSOCIATES, INC., a New
Mexico corporation; and JERRY SHAW AND
ASSOCIATES, INC., an Arizona corporation,

      Plaintiffs,

vs.                                                                            No. CIV 04-0123 WJ/DJS

AMERICAN CONTRACTORS INDEMNITY
COMPANY, a California corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the parties' Expedited Joint Motion to Approve Stipulation to Extend Discovery Deadlines and Modify Expert Witness Designations **[Doc. No. 96]**, filed August 15, 2005. The parties request an extension of the fact discovery deadline from August 31, 2005 to October 7, 2005. The parties contend they need this additional time to complete discovery for a "handful" of fact witnesses and ACIC's experts who ACIC will designate on August 15, 2005.

On October 6, 2004, the parties filed their Provisional Discovery Plan and requested discovery end by March 18, 2005. On October 19, 2004, the Court held a scheduling conference and assigned the case to a Standard (150 day) track classification. Thus, the Court set the following deadlines: (1) termination date for discovery is March 18, 2005; (2) motions relating to discovery are due by March 28, 2005; (3) Plaintiffs shall identify their expert witnesses by February 18, 2005, and Defendants shall identify their expert witnesses by March 18, 2005; (4) pretrial motions, other than discovery motions, shall be filed by June 6, 2005; and (5) the consolidated final Pretrial Order is due to the Court by August 22, 2005. The Honorable William

Johnson scheduled a Pretrial Conference for September 19, 2005 and a jury trial for October 3, 2005. The Court filed its Initial Pretrial Report [Doc. No. 49] on November 9, 2004.

On November 29, 2004, the parties filed their **first** Joint Motion to Extend Discovery Deadlines [Doc. No. 53]. As grounds for their motion, the parties asserted they had not anticipated the volume of documents involved and the number of potential deponents. Thus, the parties realized that the completion of document production and depositions would not be possible by the discovery deadline of March 18, 2005. Therefore, the parties requested an extension of the discovery deadline until May 13, 2005, and an extension of the deadlines for identifying expert witnesses. The parties requested an extension for expert reports until March 9, 2005 and April 1, 2005.

On January 3, 2005, the Court entered its Order [Doc. No. 55], granting the requested extensions and making the necessary adjustments to other deadlines. The Court's Order set forth the following deadlines: (1) the parties to complete discovery by May 13, 2005; (2) motions regarding discovery shall be filed by May 23, 2005; (3) Plaintiffs shall identify expert witnesses and make all expert witness disclosures no later than March 9, 2005; (4) Defendants shall identify expert witnesses and make all expert witness disclosures no later than April 1, 2005; (5) all pretrial motions regarding matters other than discovery shall be filed by July 1, 2005; and (6) the Pretrial Order shall be submitted to the Court by August 26, 2005.

On March 10, 2005, the parties filed their **second** Joint Motion to Extend Discovery Deadlines [Doc. No. 57]. The parties again asserted "it had become apparent that the discovery deadlines may not be achieved given the enormous volume of documents and the number of potential deponents, which are also located in multiple states." Joint Mot. to Extend Disc. at 1. The parties also relied on Judge Johnson vacating and rescheduling the jury trial from October 3,

2

2005, to December 5, 2005.  The parties requested the Court (1) extend the termination deadline for discovery to August 31, 2005; (2) reschedule the deadlines for Shaw and ACIC to identify in writing any expert witness and provide expert reports to June 30, 2005 and July 29, 2005, respectively; (3) reschedule the pretrial motion deadline for matters other than discovery to September 30, 2005; and (4) reschedule the date for submitting the Pretrial Order to the Court to October 28, 2005.

On May 19, 2005, the Court entered its Order [Doc. No. 65], granting the parties' second Joint Motion to Extend Discovery Deadlines.  The Court noted it had already granted a sixty-day extension of the pretrial deadlines in November and thus the parties had already had some two hundred ten days (210) to conduct discovery.  The Court further noted the parties had offered nothing more than generalizations in support of their motion.  Nonetheless, the Court granted a short extension of some pretrial deadlines.  The Court granted the following pretrial deadlines: (1) the parties to complete discovery by June 13, 2005; (2) motions regarding discovery shall be filed no later than June 23, 2005; (3) all pretrial motions regarding matters other than discovery shall be filed by August 19, 2005; and (4) the Pretrial Order shall be provided to the Court no later than November 4, 2005.

On May 24, 2005, the parties filed their **third** Expedited Joint Motion for Reconsideration of the Parties' Motion to Extend Discovery Deadlines [Doc. No. 69].  Again, the parties recited the "enormous volume of documents" located in California, Arizona, and New Mexico and the Court's decision to reschedule the trial to December 5, 2005.  The parties further "recognize[d] that the originally requested discovery completion date of September 30, 2005 was too compressed."  Expedited Joint Mot. for Recons. at 2.  The parties requested the following extensions: (1) fact witness discovery deadline of July 22, 2005; (2) discovery motion deadline be

extended to August 1, 2005; (3) Shaw's expert witness designation and expert report deadline be extended to August 1, 2005; (4) ACIC's expert witness designation and expert report deadline be extended to August 31, 2005; (5) Shaw's rebuttal expert report deadline be extended to September 15, 2005; (6) the parties' expert witness deposition deadline be extended to September 30, 2005; and (7) the parties' pretrial motion deadline for matters other than discovery be extended to August 31, 2005.

On May 31, 2005, the Court granted the parties' motion and extended the following deadlines: (1) discovery to be completed by August 31, 2005; (2) motions regarding discovery shall be filed no later than September 7, 2005; (3) Plaintiffs shall identify any expert witnesses and make all expert witness disclosures no later than July 15, 2005; (4) Defendants shall identify any expert witnesses and make all expert witness disclosures no later than August 15, 2005; (5) all pretrial motions regarding matters other than discovery shall be filed by November 7, 2005; (6) the Pretrial Order shall be provided to the Court by January 30, 2006.

On August 15, 2005, the parties filed the present motion, their **fourth** Expedited Joint Motion to Approve Stipulation to Extend Discovery Deadlines and Modify Expert Witness Designations [Doc. No. 96]. As grounds for their motion, the parties contend they "originally scheduled 14 depositions over 15 business days in Arizona, California, Texas, and New York" but were unable to complete all the depositions due to some deponents not being available. In addition, the parties contend Shaw's counsel is scheduled to try a matter before the Superior Court of Maricopa County, Arizona, which will require his attention the first two weeks in September. However, the parties contend that since the Court's May 31, 2005 Order, they managed to conduct ten (10) depositions and Plaintiffs have designated their experts and provided their reports.

4

The parties have agreed "that briefing regarding discovery disputes will be completed prior to September 30, 2005." Fourth Expedited Joint Mot. at 2. Thus, the parties intend to file any discovery motions by September 7, 2005, responses by September 19, 2005, and any replies would be due September 19, 2005. In addition, the parties have agreed that "[t]o the limited extent the parties need to resolve any discrete disputes for the handful of depositions held in September,". . . "all briefing regarding these disputes will be completed by October 7, 2005." *Id.* Accordingly, the parties move the Court for the following extensions: (1) extend the discovery deadline to September 30, 2005; (2) extend the discovery motion date for the limited purpose of resolving any disputes related to the depositions held in September to October 7, 2005; and (3) allow Bill Shupper, one of ACIC's testifying experts to provide his expert report on September 15, 2005, instead of August 15, 2005.

Although the parties describe the requested extension as "short," they have already had **308** days to complete discovery. Were the Court to grant the fourth extension and extend the discovery deadline to September 30th, the parties would have almost a year (**346** days) to complete discovery.

As the Court noted in its May 19, 2005 Order, when a reasonable time limit for discovery is set and there are no extenuating circumstances, the Court has discretion to enforce discovery deadlines. *See Otero v. Buslee*, 695 F.2d 1244, 1248 (10th Cir. 1982). The deadlines imposed for discovery are designed to force the litigants to diligently prosecute their cases. The Court imposes case management deadlines as part of its responsibilities under the Civil Justice Reform Act of 1990 (CJRA), 28 U.S.C. §§471-482. The purpose of the CJRA is to alleviate the dual problems of cost and delay in federal civil litigation. Moreover, a scheduling order "shall not be modified except upon a showing of good cause . . . ." Fed.R.Civ.P. 16(b)(6). A showing of good

5

cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite its diligence. *Pfeiffer v. Eagle Manufacturing Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991). Thus, the issue in this case is whether the parties demonstrate good cause for extending the court-imposed deadlines for a fourth time.

Although the parties contend they have "worked diligently" to complete discovery, they have not explained why they waited until August 2005 to schedule "14 depositions over 15 business days in Arizona, California, Texas, and New York." *See* Fourth Expedited Joint Mot. at 2. As early as November 29, 2004, the parties indicated they knew about "the number of potential deponents" they had to contend with, yet it does not appear that they scheduled any depositions until sometime in June 2005. *Id.* at 1 ("On May 31, 2005, the Court granted the parties an extension of the fact discovery . . . . Since that time, the parties have conducted 10 depositions . . . ."). The Court finds that the parties have not demonstrated good cause for extending the court-imposed deadlines for a fourth time. Moreover, the Court has afforded the parties a liberal discovery plan. Accordingly, the parties' Expedited Joint Motion to Approve Stipulation to Extend Discovery Deadlines and Modify Expert Witness Designations is denied.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that the parties' Expedited Joint Motion to Approve Stipulation to Extend Discovery Deadlines and Modify Expert Witness Designations is DENIED.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**