IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHAW AND ASSOCIATES, INC., a New
Mexico corporation; and JERRY SHAW AND
ASSOCIATES, INC., an Arizona corporation,**

       **Plaintiffs,**

vs.                                            **No. CIV 04-0123 WJ/DJS**

**AMERICAN CONTRACTORS INDEMNITY
COMPANY, a California corporation,**

       **Defendant.**

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** is before the Court on Plaintiffs' Application for an Order Compelling Discovery from Defendant American Contractors Indemnity Company **[Doc. No. 75]**, filed on June 22, 2005, and fully briefed August 17, 2005. Plaintiffs contend they served American Contractors Indemnity Company (ACIC) with Plaintiffs' First Set of Interrogatories on April 28, 2005. On June 2, 2005, ACIC served Plaintiffs its responses to those interrogatories. Plaintiffs complain ACIC's responses contain "numerous unfounded objections" and in many instances are evasive and/or incomplete. Plaintiffs contend they continue to work with ACIC to resolve as many issues as possible. However, due to ACIC's failure to timely supplement its responses, Plaintiffs found it necessary to file this motion.

       Since the filing of Plaintiffs' application, ACIC has supplemented its responses. Therefore, the only unresolved discovery requests are the following:

       **Interrogatory No. 4** requests ACIC describe the specific reasons it denied any surety

bond applications Shaw submitted to ACIC <u>after July 15, 2001</u>.  Pls.' Ex. A at 6 (emphasis added).

ACIC objected to Interrogatory No. 4 on the grounds that "it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence . . . ." Pls.' Ex. B at 9-10.  ACIC maintains the September 1995 General Agency Agreement between ACIC and Plaintiffs did not require ACIC to accept every bond proposal presented by Plaintiffs nor did it require ACIC to provide a rationale for the denial of those bond proposals.  Thus, ACIC argues its denial of bond applications presented by Plaintiffs are not relevant to any of the causes of action brought by Plaintiffs.

Notwithstanding its objection, ACIC provided specific reasons for denying the bond applications Plaintiffs submitted.  First, ACIC contends "Shaw failed to cooperate or even reply to ACIC's requests for the information and documentation necessary to support a decision to underwrite bonds that exceeded Shaw's underwriting authority."  ACIC's Resp. at 3.  Second, ACIC contends "Shaw refused to agree to the conditions set forth by ACIC's underwriting department for the issuance of bonds, including but not limited to providing information for the 'work on hand' completed by the bond principals."  *Id.*  ACIC claims these reasons apply to all bond denials thus it should not have to provide these reasons for each bond denial.  Notably, ACIC states, "ACIC believes that there were **few** denials of bond requests after July 15, 2001." Pls.' Ex. B at 9(emphasis added).

In support of its objection, ACIC submitted four examples of denials of Shaw's surety bond applications.  In the first example, ACIC claims it denied Shaw's bond application for a $2.5 million bid bond for Highland Enterprises, Inc. because there was insufficient underwriting information to consider the request.  According to ACIC, "Shaw failed to provide a financial

year-end statement for the principal for the preceding year (2000) and also stated Highlands Enterprises, Inc. did not do [work on hand] schedules." Pls.' Ex. B at 10.  In the second example, ACIC denied Shaw's request for four bid bonds totaling $1.85 million for Simmons Builders.  ACIC contends it denied Shaw's request because Shaw (1) submitted a dated and incomplete financial statement from the principal, (2) failed to provide a social security number from the principal necessary to complete a credit check, and (3) provided little evidence of collateral that could be used to secure the bond.  *Id.*   The third example indicates ACIC denied Shaw's request for a $1.4 million bid bond because Shaw (1) failed to provide work on hand information, (2) failed to provide current personal financial statements, and (3) the methodology used to present the principal's business financial year-end statements was not in accordance with acceptable industry practice.  *Id*.  The fourth example indicates ACIC denied Shaw's request for a $1.25 million bid bond because Shaw failed to provide any work on hand information for the principal and the largest project the principal had completed prior to this request totaled $394,000.  *Id.*

 The Court rejects ACIC's contention that the information sought is irrelevant.  The party opposing discovery has the burden of proving the lack of relevance.  *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C.1978).  "Relevancy" for discovery purposes is distinguishable from "admissibility" for trial purposes.  Rule 26(b)(1) allows for a broad range of discovery and states in relevant part: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  Hence, the information sought in Plaintiffs' Interrogatory No. 4 is not required to be admissible evidence itself, but it must seem reasonably calculated to lead to

3

the discovery of admissible evidence somewhere down the road.  The United States Supreme Court has construed relevance for the purposes of discovery "broadly[,] to encompass any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

  Even if the requested matters are relevant, discovery will not be allowed "where no need is shown, or compliance would be unduly burdensome, . . . ."  *Micro Motion, Inc. v. Kane Steel Co., Inc*., 894 F.2d 1318, 1323 (Fed.Cir. 1990); *see also Smith v. Pfizer*, No. Civ. A. 98-4156-CM, 2000 WL 1679483, *2 (D.Kan. Oct. 26, 2000).  In determining the scope of discovery, the court "must weigh the factors . . . so as not to 'deprive a party of the fair opportunity to develop and prepare a case.'"  *Smith,* 2000 WL 1679483, *2.

  In this case, ACIC does not object on the grounds that compliance would be unduly burdensome.  In fact, ACIC acknowledges that there are "few denials of bond requests after July 15, 2001."  Pl.'s Ex. B at 9.  Moreover, the information Plaintiffs seek is relevant.  Because the reasons for each sample denial are rather specific, the Court will grant Plaintiffs' motion to compel.  ACIC shall provide the reasons it denied any surety bond application Shaw submitted to ACIC after July 15, 2001.

  **Interrogatory No. 13** requests ACIC to "specifically describe all instances where ACIC canceled or failed to renew bonds ACIC formerly issued to Shaw customers through Shaw, and where ACIC subsequently issued bonds directly to those former Shaw customers.  Pls.'s Ex. A at 9.  Plaintiffs contend "Shaw customers" and "former Shaw customers" are those persons and entities who purchased bonds from ACIC using Shaw as their agent.

  ACIC objected to Interrogatory No. 13 on the grounds that the interrogatory was overbroad because it asked for "all instances" involving the cancellation or "failure to renew"

4

bonds regardless of the circumstances.  Pls.' Ex. B. at 15.  ACIC contends it "further noted that, absent further specification of these circumstances, Shaw's overbroad request would require an unduly burdensome search and retrieval process."   ACIC's Resp. at 3.  ACIC further objected to the interrogatory because it opined the interrogatory sought information already in Plaintiffs' possession.

In opposing discovery on the grounds of over-breadth, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents." *Super Film of Am., Inc. v. UCB Films, Inc*., 219 F.R.D. 649, 651 (D.Kan. 2004).  Thus, an objecting party cannot sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing.  *See, St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.,* 198 F.R.D. 508, 513 (N.D.Iowa 2000).

ACIC failed to meet its burden and, other than to claim the request "would require an unduly burdensome search and retrieval process," failed to justify its objection.  Moreover, in response to ACIC's request for "further specification" as to "all instances" involving the "cancellation or failure to renew bonds," Plaintiffs have clarified their request by specifying that "Shaw customers" and "former Shaw customers" are persons and entities who purchased bonds from ACIC using Shaw as their agent.  Thus, ACIC need only address those instances in which ACIC  canceled or failed to renew bonds formerly issued to persons or entities who purchased bonds from ACIC using Shaw as their agent.

**NOW THEREFORE,**

**IT IS HEREBY ORDERED** that ACIC has ten days from the date of entry of this Memorandum Opinion and Order to provide the information requested in Plaintiffs' Interrogatories No. 4 and No. 13.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**