IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAW & ASSOCIATES, INC., a New Mexico
corporation; and JERRY SHAW & ASSOCIATES,
INC., an Arizona corporation,

      Plaintiffs,

v.                                                       Civil No. 04-123 WJ/DJS

AMERICAN CONTRACTORS INDEMNITY
COMPANY, a California corporation; ANDY
FAUST; and DOES 1 through 50, inclusive,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO FILE AMENDED COUNTERCLAIM AND THIRD PARTY COMPLAINT**

THIS MATTER comes before the Court pursuant to Defendant American Contractors Indemnity Company's Expedited Motion for Leave to File First Amended Counterclaim and Third Party Complaint (Doc. 92). Having reviewed the submissions of the parties and being advised on the applicable law, I find that the motion is well taken and shall be granted.

On July 8, 2005, the Court entered an Order granting Plaintiffs leave to amend their Complaint. See Docket No. 79. On August 11, 2005, Defendant filed the instant motion seeking leave to amend its counterclaim against Plaintiffs and to add a third party complaint against Jerry Shaw individually. Defendant contends that it learned at the June 2005 deposition of Jerry Shaw, president of the Plaintiff corporations, that Plaintiffs had withheld "overrun" and other premiums from Defendant. Defendant alleges that this conduct was a breach of the agency agreement between Plaintiffs and Defendant and a breach of fiduciary duty. Defendant further alleges that

Jerry Shaw personally guaranteed the acts and performance of the Plaintiff corporations and may be held personally liable for the conduct of the corporations.

Plaintiff argues that Defendant's motion is untimely because the motion was filed nearly two months after Mr. Shaw's deposition. Plaintiff further argues that the granting of the motion would prejudice the Plaintiffs and will unduly delay final disposition of this case.

Leave to amend a complaint shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Given that Defendant's motion was filed less than a month after the Court granted Plaintiffs leave to amend their Complaint, Defendant's motion is not so untimely as to overcome the Court's inclination to freely grant leave to amend. There is no doubt that Plaintiffs and Mr. Shaw will suffer prejudice if the Court grants Defendant's motion; however, the Court does not find that Plaintiffs or Mr. Shaw will suffer **undue** prejudice. Mr. Shaw, as president of the Plaintiff corporations, has been involved in this litigation from its inception. Plaintiffs brought this action alleging various claims including breach of contract and have included a copy of the agency agreement as an exhibit to all three versions of their Complaint. Accordingly, Plaintiffs are well aware of the terms of that agreement. Mr. Shaw was aware of his own testimony at his deposition. Thus, Plaintiffs should not have been taken by surprise at Defendant's request to amend its counterclaims to include the new claims.

Plaintiffs have amended their Complaint twice, and the last time was over Defendant's objection fifteen months into this case.  Defendant has not previously requested leave to amend, and now requests leave only one month after the Court granted Plaintiffs' motion.  This Court will not treat Defendant less generously than it treated Plaintiffs under similar circumstances.  Accordingly, the Court and will grant Defendant's motion.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Expedited Motion for Leave to File First Amended Counterclaim and Third Party Complaint (Doc. 92) is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE