IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAW AND ASSOCIATES, INC., a New
Mexico corporation; and JERRY SHAW AND
ASSOCIATES, INC., an Arizona corporation,

    Plaintiffs,

vs.                                                                                    No. CIV 04-0123 WJ/DJS

AMERICAN CONTRACTORS INDEMNITY
COMPANY, a California corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Second Application for an Order Compelling Discovery from Defendant American Contractors Indemnity Company (ACIC) **[Doc. No. 98]**, filed on August 17, 2005, and fully briefed on October 19, 2005.  Plaintiffs move the Court for an order compelling ACIC to comply with Plaintiffs' Second Requests for Production of Documents and Things.  According to Plaintiffs, they served their requests on ACIC on June 24, 2005.  The request at issue is Request for Production of Documents No. 58.  On July 28, 2005, ACIC responded and asserted it had previously produced all non-privileged documents responsive to Plaintiffs' Request for Production of Documents No. 58.  Although Plaintiffs contend they continue to work with ACIC to resolve all outstanding issues, Plaintiffs felt compelled to file this motion in order to comply with D.N.M.Lr-Civ. 26.6.

Request for Production No. 58 asks for the following:

Any and all files maintained by the following Departments within ACIC from 1994 to the

present which RELATE TO SHAW:

    a. YOUR surety bond claims department

    b. YOUR surety bond underwriting department

Pls.' Ex. A. Plaintiffs contend the Janus Corporation files are included in Request No. 58. Plaintiffs contend Jerry Shaw submitted many bond applications and requests for special acceptance to ACIC in connection with the Janus Corporation and thus Plaintiffs believe ACIC possesses "hundreds, if not thousands, of documents in its Janus underwriting and claims files, the vast majority of which have not been produced." Pls.' Second Application at 2.

ACIC objected to Request No. 58 "on the basis that it is overbroad and unduly burdensome." Pls.' Ex. B. ACIC also asserted it had already produced all non-privileged documents responsive to Request No. 58. Moreover, in its response to Plaintiffs' motion to compel, ACIC claims Plaintiffs waited three weeks after receiving the responsive documents to inform ACIC that they could not locate underwriting files relating to Janus Corporation in the ACIC production documents. ACIC agreed to review the production documents in order to locate the Janus Corporation files. On September 7, 2005, Plaintiffs' counsel contacted ACIC regarding the location of the Janus Corporation files. At that time, ACIC identified over 100 pages of documents related to Plaintiffs' request. Having identified the Janus Corporation documents, ACIC considered the issue resolved. Thus, ACIC claims it was surprised when Plaintiffs filed their September 15, 2005 Notice of Completion of Briefing (Doc. No. 109).

In reply to ACIC's response, Plaintiffs note that on September 28, 2005, without explanation, ACIC produced an additional 376 pages of documents regarding the Janus Corporation. This was done after ACIC asserted in its response to Plaintiffs' Second Request for

Production of Documents and Things that it had produced all responsive documents.  Plaintiffs maintain that ACIC continues to withhold additional records regarding the Janus Corporation.  Plaintiffs claim that during the course of their relationship, ACIC received from Plaintiffs "thousands of pages of documents regarding Janus."  Pls.' Reply at 7.   In support of their position, Plaintiffs submitted affidavits from Janet Shaw and Jerry H. J. Shaw.  Pls.' Ex. 4 and Ex. 5.  Janet Shaw is Jerry H. J. Shaw's daughter.

ACIC employed Janet Shaw from February 1999 to November 2003, in its contract surety bond underwriting department.  Janet. Shaw Aff. ¶1.  Along with Skip Baumgarten, ACIC's CEO, Janet Shaw was responsible for the underwriting and issuance of bonds requested by Plaintiffs.  Janet Shaw Aff. ¶2.  Janet Shaw attests to the fact that she was regularly involved in processing bond requests which Jerry Shaw submitted on behalf of the Janus Corporation.  Janet Shaw Aff. ¶4.  Janet Shaw attests that the Janus Corporation was a frequent user of bonds.  *Id.*  Janet Shaw processed the Janus Corporation bond requests thus she frequently accessed and obtained documents from the Janus Corporation underwriting filed maintained by ACIC.  *Id.*  Significantly, Janet Shaw attests that during her employment at ACIC, Plaintiffs provided thousands of pages of documents regarding the Janus Corporation which were kept by ACIC in its Janus underwriting files, including company and personal financial statement, brochures, project summaries, licenses, bond registers, indemnity agreements, bid and performance bonds, construction contracts and specifications, correspondence, references, credit and reference check documents, execution reports and transmittal documents.  Janet Shaw Aff. ¶5.  Additionally, Janet Shaw attests that ACIC also internally generated several hundred additional documents regarding the Janus Corporation and kept in ACIC's Janus underwriting files, including notes, credit

reports, memoranda, financial analysis notes, bond execution reports, bond approval logs, correspondence with reinsurers and other internal correspondence.  Janet Shaw Aff. ¶6.  Janet Shaw attests to a specific document she wrote to the Janus Corporation underwriting file detailing certain actions at ACIC.  Janet Shaw Aff. ¶ 7.  Janet Shaw attests that this document was placed in the Janus Corporation underwriting file.  *Id.*   This particular document has not been provided by ACIC.

Jerry Shaw attests to having delivered to ACIC thousands of pages of documents regarding the Janus Corporation for ACIC's use in the surety bond underwriting process.  Jerry Shaw Aff. ¶3.  Jerry Shaw attached a bond log of the 148 ACIC bonds submitted on behalf of the Janus Corporation (Ex. A attached to Ex. 5).

Finally, Plaintiffs contend they have copies of most of the Janus documents they **submitted** to ACIC.  However, some of these documents are missing from the documents produced by ACIC in response to Request No. 58.  Plaintiffs argue that the absence of known documents establishes ACIC's refusal to meet its disclosure obligations and supports Plaintiffs' claims that ACIC has failed to produce the "numerous document" it created internally regarding the Janus Corporation.

As previously noted, ACIC objected to Request No. 58 on the basis that it is overbroad and unduly burdensome.  In opposing discovery on the grounds of over-breadth, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."  *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D.Kan. 2004).

Thus, an objecting party cannot sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing. *See, St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.,* 198 F.R.D. 508, 513 (N.D.Iowa 2000).

ACIC failed to meet its burden. ACIC's objection is simply a "boilerplate" claim that the requested discovery is burdensome. Additionally, prior to ACIC producing the additional 376 pages of documents on September 28, 2005, it had asserted it had provided all responsive documents and failed to explain why these documents had not been previously provided to Plaintiffs. Moreover, Plaintiffs have submitted compelling evidence that ACIC has not produced all the requested documents. Accordingly, the Court will grant Plaintiffs' Second Application for an Order Compelling Discovery. Within ten days from the entry of this Order, ACIC shall provide to Plaintiffs all non-privileged documents concerning the Janus Corporation that are maintained by its bond underwriting and bond claims department.

**Plaintiffs' Request for Attorney's Fees**

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions to be paid to a moving party when a motion to compel is granted. *See* Fed.R.Civ.P. 37(a)(4)(A). Rule 37 states in pertinent part:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . .

Fed.R.Civ.P. 37(a)(2)(A) & (4)(A). The Due Process Clause of the Fifth Amendment requires that an individual facing sanctions in federal court be given notice and an opportunity to be heard

before final judgment.  *G.J.B. & Associates, Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990).  The process due depends upon the severity of the sanctions being contemplated.  *Id.*  The process required when the Court contemplates imposition of attorney's fees and costs is no more than an opportunity to brief the issue.  *Id.*

In this case, the facts support the imposition of sanctions against ACIC for failing to comply with Plaintiffs' discovery requests.  Accordingly, within ten days of the date of this order, Plaintiff shall file with the Court a notice, supported by appropriate evidence, setting forth details as to the reasonable attorney's fees and other costs they expended in filing their Motion to Compel.  Upon the Plaintiffs' filing, ACIC shall have 10 days to file any objections to the amount requested by Plaintiffs.  The Court will thereafter enter a supplemental order setting forth the amount ACIC must pay and directing it to make payment within ten days**.**

**IT IS SO ORDERED.**

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**