IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAW AND ASSOCIATES, INC., a New
Mexico corporation; and JERRY SHAW AND
ASSOCIATES, INC., an Arizona corporation,

    Plaintiffs,

vs.                                                    No. CIV 04-0123 WJ/DJS

AMERICAN CONTRACTORS INDEMNITY
COMPANY, a California corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Application for and Notice of Filing of Affidavit in Support of Determination of Attorneys' Fees Award **[Doc. No. 157]**, filed February 9, 2006, and fully briefed on March 10, 2006. Defendant American Contractors Indemnity Company (ACIC) opposes an award of attorneys' fees in this case on the following grounds: (1) Plaintiffs failed to confer in good faith prior to filing their Second Application for an Order Compelling Discovery; (2) its conduct was substantially justified; (3) its response to Plaintiffs' Second Application for an Order Compelling Discovery was justified; (4) it was justified in seeking leave to file a surreply; and (5) an award of attorney's fees would be unjust or, alternatively, the amount of attorneys' fees Plaintiffs seek is excessive.

The Court will address ACIC's argument that the amount of attorneys' fees is excessive. The remaining arguments address the appropriateness of an award of attorney fees in this instance. In its January 25 Memorandum Opinion and Order, the Court found that the facts

supported the imposition of sanctions against ACIC. The Court will not reconsider its ruling regarding this matter.

Motions to compel discovery responses are governed by Rule 37 of the Federal Rules of Civil Procedure. Rule 37 provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(2). Rule 37 also provides for sanctions and requires the award of reasonable expenses, including attorney's fees, unless the motion to compel discovery was unjustified or other circumstances make the award unjust. Fed.R.Civ.P. 37(a)(4)(A).

Plaintiffs contend they incurred attorneys' fees and costs in the sum of **$19,421.50** in connection with their Second Application for an Order Compelling Discovery from Defendant ACI (Second Application) and in filing a response to Defendant's Motion for Leave to File a Surreply in Opposition to Plaintiffs' Second Application for an Order Compelling Discovery (Response). Additionally, Plaintiffs note they have already discounted approximately $3000.00 of time actually incurred to avoid objection. Nonetheless, ACIC objects to the amount requested as "extraordinarily excessive."

The Court evaluates attorney fee applications in accordance with *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. Thus, Plaintiffs' attorneys bear the burden "to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986). "The

most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The product of this calculation is the "lodestar," which may be equitably tailored to the facts of the particular case. *Blum v. Stenson*, 465 U.S. 886 (1984).

In this case, Plaintiffs' attorneys expended a total of 111.7 hours on their Second Application, their Response, and in filing the Fee Application. James A. Bell expended 70.7 hours, Claudio E. Ianniteli expended 31.2 hours, Glenn B. Hotchkiss expended 8.1 hours, John J. Smalanskas expended 0.3 hours, and Donald G. Rolfe expended 1.4 hours. At first glance, the total amount of time spent on the Second Application and the Response appears excessive; a closer inspection confirms the Court's initial reaction.

The Court must distinguish between raw time and billable time. *Ramos,* 713 F.2d at 554. If excessive amounts of time are spent by attorneys performing routine or clerical work, it is unreasonable to bill all of that time as professional services rendered at the attorney's standard hourly rate. Moreover, in determining whether hours are properly billable, the Court is required to exercise the same billing judgment that a lawyer in private practice would exercise, excluding all excessive, redundant or otherwise unnecessary hours. *See Hensley*, 461 U.S. at 434; *Ramos*, 713 F.2d at 554. Thus, while Plaintiffs' attorneys expended 111.7 hours on their Second Application and their Response, much of the time spent should not be billed at an attorney's hourly rate. This is not to imply that the time charged was not spent as documented in Plaintiffs' Exhibit A. Rather, the issue is whether the time spent can fairly and reasonably be billed.

The Court's responsibility under *Hensley* requires that the Court look at all time spent and then determine whether the attorney(s) should reasonably charge for that time. As a preliminary

3

matter, the Court notes that Plaintiffs' attorneys' time sheets, in many instances, have several tasks grouped together making it difficult to determine how much time counsel spent on each task. Next, Plaintiffs' Second Application did not involve complex issues, cited two cases, and consisted of eight short paragraphs, approximately two pages.

Prior to the filing of the Second Application, Plaintiffs' counsel expended **9 hours** of attorney time, 7.5 hours at $175.00 per hour and 1.5 hours at $165.00, for a total of $1,540.00. Pls.' Ex. A, unnumbered pg. 1. This is an excessive amount of time. Apart from the time devoted to drafting and finalizing the Second Application, the time sheets include 5.5 hours of time devoted to "reviewing" and "conferencing." Of the 5.5 hours, Messrs. Bell and Hotchkiss spent **2.8 hours** "in conference" discussing ACIC's response to Plaintiffs' Second Request for Production. ACIC's response to Request No. 58 was straightforward, "overbroad and unduly burdensome." The Court will disallow this time. The time sheets indicate that the remaining 3.5 hours were devoted to (1) drafting and finalizing the Second Application; (2) three telephone conferences (two to opposing counsel); (3) one e-mail to opposing counsel; and (4) a review of one e-mail. Counsel failed to indicate how much time was spent on each task. After reviewing the Second Application, the Court finds that an experienced attorney would draft and finalize the Second Application in no more than two hours. Thus, the Court will allow **2.0 hours of the 9.0** hours requested prior to filing the Second Application.

After the filing of the Second Application but prior to ACIC filing its response to the Second Application, Plaintiffs' counsel expended 5.2 hours "conferencing" and "reviewing" "regarding the Janus files." Pls.' Ex. A, unnumbered pg. 2. All the time expended on this task, except for 0.4 hours, was billed by Mr. Bell. It appears that Mr. Bell was comparing the Janus

4

documents with the documents ACIC produced in response to Request for Production No. 58. Prior to filing the Second Application, Mr. Bell was aware that ACIC had not produced all the Janus documents. For the purposes of filing the Second Application, 5.2 hours expended in comparing Janus documents with documents produced by ACIC is excessive. Additionally, a less experienced attorney could have performed this task. Moreover, the Court will disallow Mr. Hotchkiss' **0.4 hours**. Mr. Hotchkiss billed this time for a "brief conference" with Mr. Bell regarding ACIC's failure to respond to the Second Application. This falls under another area of the Court's concern, overlap and redundancy. The Court will allow **2.0 hours of the 5.2 hours** counsel request prior to ACIC filing its response to Plaintiffs' Second Application.

After ACIC filed its response to Plaintiffs' Second Application and up to the filing of Plaintiffs' reply, Plaintiffs' attorneys' time sheets indicate **43.5 hours** expended on preparing the reply brief, Mr. Bell expended 30.8 hours, Mr. Iannitelli expended 11.3 hours, and Mr. Rolfe expended 1.4 hours, for a sum total of $7,570.00. Pls.' Ex. A, unnumbered pgs. 3-5 (entries from 9/20/05 to10/19/05). A review of the relevant entries indicate Mr. Bell spent many hours "reviewing" and "conferencing." The time sheets indicate Mr. Bell starting drafting the reply brief on September 26, 2005 (0.6 hours billed). On September 28, 2005, Mr. Bell expended 3.4 hours for "draft[ing] reply" and "modify[ing] reply brief." On October 4, 2005, Mr. Bell expended 1.2 hours "review[ing] and revis[ing] reply." On October 14, 2005, Mr. Bell expended 2.7 hours "review[ing] and revis[ing] the reply." On October 17, 2005, Mr. Iannitelli expended 1.5 hours noting, "began review and draft of Janus reply brief." On October 17, 2005, Mr. Bell expended 0.5 hours in "conference with Claudio Iannitelli regarding Janus reply brief." On October 18, 2005, Mr. Iannitelli expended 3.4 hours on "continued revisions of reply" and spent additional

time in "conference with Jim Bell regarding additional research to be done concerning Janus reply." An undated entry by Mr. Bell follows Mr. Iannitelli's October 18, 2005 entry. Mr. Bell expended 8.2 hours "revis[ing] Janus reply brief and locat[ing] supporting citations." On this undated entry, Mr. Bell also spent time conferencing with Messrs. Iannitelli, Rolfe, Hotchkiss, and opposing counsel. Another undated entry follows Mr. Bell's undated entry. This undated entry indicates Mr. Rolfe expended 4.9 hours for "legal research regarding standard for responding to Request for Production of Documents." However, Mr. Rolfe did not bill for this time. On October 18, 2005, Mr. Iannitelli expended 6.4 hours "review[ing], revis[ing], and finaliz[ing] reply" and for time spent in "conference with Jim Bell regarding legal research regarding production of documents." On October 19, 2005, Mr. Bell expended 8.9 hours in "conference with Claudio E. Iannitelli regarding Janus reply brief; conference with Donald G. Rolfe regarding legal research regarding discovery obligations" and "editing Janus reply brief." On this same day, Mr. Bell noted, "review and attend to filing Janus reply brief and attachments." In fact, Mr. Bell filed the reply brief on October 19, 2005. On October 20, 2005, Mr. Bell expended 0.9 hours on "review[ing] reply in support of Second Application to Compel along with two other tasks (conference with opposing counsel and drafting an e-mail). Because the Court has no way of knowing how much time Mr. Bell expended on reviewing the reply that he had already filed, the Court will disallow this time **(0.9 hours)**.

      The Court reviewed Plaintiffs' reply brief. The reply brief is 9 pages long, cites to three cases, and does not address complex issues. Moreover, many of the entries appear redundant and in some instances there is overlap. Mr. Bell's requests an hourly rate of $175.00, nevertheless, Mr. Iannitelli, who also requests an hourly rate of $175.00, reviewed Mr. Bell's work. There is

6

no explanation for two *apparently* experienced attorneys having to do the same task.  The Court stresses the word *apparently* because the attorneys provided no information as to the extent of their experience.  In the absence of an explanation, the Court finds overlap and redundancy and thus will reduce the time requested by 50%, for a total of **21.3 hours [43.5 - 0.9= 42.6].**

Next, Plaintiffs attorneys expended **41.9 hours** on filing a response to ACIC's Motion to File a Surreply in Opposition to Plaintiffs' Second Application for an Order Compelling Discovery.  Mr. Bell expended 27.6 hours, Mr. Iannitelli expended 14.1 hours, and Mr. Hotchkiss expended **0.2 hours**.  On October 24, 2005, Mr. Hotchkiss billed for 0.2 hours for "conference with John J. Smalanskas and James O. Bell regarding [ACIC's] intent to file surreply briefs."  The Court will disallow Mr. Hotchkiss' **0.2 hours** (Pls.' Ex. A., unnumbered pg. 5).  Again, Mr. Bell spent an inordinate amount of time "reviewing" and "conferencing" with Mr. Iannitelli.

On November 4, 2005, Mr. Bell expended 1.7 hours for "review[ing] and summariz[ing] ACIC's motion for leave to file surreply and email Claudio E. Iannitelli regarding same."  Pls.' Ex. A., unnumbered page 6.  On November 8, 2005, Mr. Iannitelli held a conference with "associates regarding same, preparation of response and preparation of response to Motions to file Serve reply (sic)."  On the same day, November 8th, Mr. Bell expended 1.5 hours in "conference with Claudio E. Iannitelli, Glenn B. Hotchkiss and John J. Smalanskas regarding motions for summary judgment and for leave to file surreply; review Shaw 2nd and 3rd motions to compel and all response and reply briefs thereto and draft outline for response to ACIC motions for leave to file surreply."  It appears to the Court that the November 8, 2005 time sheet entries addressed the response to the motion for summary judgment.  Additionally, Messrs. Bell and Iannitelli appear to be charging for the same conference held on November 8th.  On November 9, 2005, Mr. Bell

7

spent 1.8 hours <u>again</u> "review[ing] Shaw Second and Third Motions to Compel, Responses and Replies thereto; review[ed] ACIC motions for leave tofile surreplies and revis[d] outline for response briefs; and email[ed] Claudio E. Iannitelli regarding status of response."  Because the Court cannot discern what time counsel actually spent on their response to ACIC's motion for leave to file surreply due to several tasks grouped in one entry, and considering redundancy and overlap of work done by more than one attorney, the Court will disallow all but **1.5 hours** of the 7.7 **[7.7 - 6.2= 1.5]** hours of attorney time requested on unnumbered page 6 of the time sheet.

On November 11, 2005, Mr. Bell expended **6.6 hour**s on a "conference with Claudio E. Iannitelli and review[ing] local rules regarding motion for extension of time to file surreply response."  Under the same entry, Mr. Bell also "begin drafting response to ACIC motion to file surreplies" and in "conference with Glenn B. Hotchkiss regarding ACIC answers to interrogatories showing its awareness of dispute with Shaw as of Oct. 22, 2001 and consider inclusion in surreply response."  The Court will allow **1.0 hour** of this time **[6.6 - 5.6=1.0]**.  Mr. Bell is billing for time spent educating himself as to New Mexico local rules.  In addition, the Court questions the necessity of Mr. Bell having to confer with his associates on simple issues.

On November 11, 2005, Mr. Iannitelli spent **1.0 hour** on a telephone conference with opposing counsel.  The Court will disallow this time in its entirety.  On November 13, 2005, Mr. Bell spent 2.3 hours drafting the response to ACIC's motion for leave to file surreply.  On November 14, 2005, Mr. Bell expended 7.5 hours on legal research regarding "reply contents and allowance of surreply" and "continue drafting response briefs to ACIC motion for surreply."  On November 15, 2005, Mr. Iannitelli conferred with Mr. Bell regarding "Responses to Serve Reply (sic) motions.  On the same day, Mr. Bell expended 5.8 hours "drafting responses to ACIC

8

motions to file surreplies to Shaw sanctions and Janus motions" and "conference with Claudio E. Iannitelli regarding surreply response briefs."  In an undated time sheet entry, possibly November 16, 2005, Mr. Iannitelli expended 5.5 hours on "revisions and drafting related to Responses to Motions to File Serve Replies (sic)."  On November 17, 2005, Mr. Iannitelli expended 3.5 hours on "continue revisions and drafting related to Responses to Motions to File Sur-Replies."  On November 18, 2005, Mr. Bell expended 4.5 hours "review[ing], revis[ing] and discuss[ing] with Claudio E. Iannitelli our Responses to ACIC motions for surreply" and "conference with Glenn B. Hotchkiss; edit and modify responses to ACIC surreply motions" and "attend to filing responses to ACIC motions for surreplies."  Mr. Bell did not bill for the 4.5 hours.  On November 18, 2005, Mr. Iannitelli "work[ed] on finalizing Responses to Sur-Reply motion."

Because of redundancy and overlap and because counsel is billing for two responses to ACIC's motions for leave to file a surreply brief to Plaintiffs' Second Application and Third Application for an Order Compelling Discovery, the Court will reduce the remaining **28.9 (41.9 - .02- 6.2- 5.6 -1.0= 28.9)** hours by 50%.  Therefore, the Court will allow **14.45 hours** for Plaintiffs' Response to ACIC's Motion for Leave to File a Surreply in Opposition to Plaintiffs' Second Application for an Order Compelling Discovery.

Finally, Plaintiffs' attorneys expended **11.2 hours** on their attorney fee application.  On January 25, 2006, Mr. Iannitelli spent 0.7 hours on (1) a telephone call with opposing counsel discussing the Court's ruling regarding Plaintiffs' Second Application; (2) reviewing the Court's Order; and (3) a telephone call to his client.  On January 26, 2006, Mr. Iannitelli spent 0.3 hours on basically the same tasks except for conferring with an associate regarding the Court's ruling.  On February 2, 2006, Mr. Iannitelli spent **0.8 hours** finalizing a "letter to B. Antweil regarding

9

Janus motion to compel. The Court will disallow this time. On the same day, Mr. Iannitelli, spent 1.0 hours "review[ing] fee report related to Janus motion." On February 2, 2006, Mr. Hotchkiss expended 3.0 hours researching "standard award of attorney's fees under Rule 3(a)(4)" and "draft[ing] Application for Award of Attorney's Fees and Costs on Second Motion to Compel Discovery and accompanying Affidavit of Claudio E. Ianitelli." On February 8, 2006, an associate (KAR) conferred with Mr. Ianitelli regarding instructions on spreadsheet preparation, detailed discussion regarding same, prepared as instructed, forward for review." KAR did not bill for the 2.5 hours he expended on these tasks. On February 8, 2006, Mr. Ianitelli expended 3.0 hours reviewing and itemizing the billing records and revising the fee Application and Notice and revised his affidavit. Again there is overlap between Messrs. Hotchkiss and Ianitelli. The Court will allow **8.0** hours toward the Attorney Fee Application.

The next step in calculating the lodestar figure is to determine a reasonable hourly rate, i.e., the rate at which "lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Ramos*, 713 F.2d at 555. Plaintiffs' attorneys bear the burden "to produce satisfactory evidence– in addition to the attorney's own affidavits– that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Beard v. Teska*, 31 F.3d 942, 956 n.11 (10th Cir. 1994).

In this case, although Plaintiffs contend the Fee Agreement specifies rates of $175.00 to $145.00 per hour for attorney time, that does not necessarily support Plaintiffs' request for their

requested hourly rates.[1]  *See e.g., Beard*, 31 F.3d at 955 ("the relevant market value is not the price that the particular lawyer chosen may be paid by willing purchasers of his or her services, but rather the price that is customarily paid in the community for services like those involved in the case at hand."). Although, Mr. Iannitelli submitted an affidavit attesting "the attorneys' fees charged by [the firm] were reasonable under . . . Rule 16-105(A) of the New Mexico Rules of Professional Conduct . . . ," he failed to provide the Court with an affidavit setting forth his experience or the experience of the other participating attorneys. Iannitelli Aff. at 3. Mr. Iannitelli also failed to submit an affidavit from an attorney attesting to the reasonableness of the requested hourly rates. Because of this omission, the Court relies on it familiarity with the rates presented by a wide range of local counsel in fee petition cases and is persuaded that a rate of $150.00 an hour is fair compensation in this instance.

Accordingly, the Court will allow Plaintiffs **47.75** hours **[2.0+2.0+21.3+14.45+8.0= 47.75],** at a rate of $150.00 per hour, for a total of **$7,162.50** in attorneys' fees, plus gross receipts tax (6.75 %) in the amount of  **$483.47**.

---

[1] Plaintiffs entered into a Fee Agreement with Cheifetz Iannitelli Marcoline, P.C. agreeing to compensate the firm for legal services rendered on their behalf in this matter at the rates of $175.00 to $145.00 per hour for attorney time and $85.00 for paralegal time. Claudio E. Iannitelli and James O. Bell request an hourly rate of $175.00. Glenn B. Hotchkiss and John J. Smalanskas request an hourly rate of $165.00. Donald G. Rolfe requests an hourly rate of $145.00.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiffs' Application for and Notice of Filing of Affidavit in Support of Determination of Attorneys' Fee Award is granted in part and denied in part. Plaintiffs are awarded **$7,162.50** in attorneys' fees plus gross receipts tax in the amount of **$483.47.**

**IT IS FURTHER ORDERED** that, within ten (10) days from the filing of this Memorandum Opinion and Order, ACIC shall remit the amount of **$7,645.97** to Plaintiffs.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**